CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker,** | **Case No.** 2:19-cv-01907-PSG-FFM |
| Plaintiff, | |
| v. | |
| **Shanaz S. Razack**; and Does 1-10, | **Plaintiff's Case Statement** |
| Defendants. | |

Plaintiff submits the following response to the Order to Show Cause issued May 28, 2019 in response to the hand written response from Defendants and excerpt of CASp report filed May 28, 2019.

**A.    This Case is Stayed by Court Order. Plaintiff is Unable to Confirm the Representations of the Defendant.**

Prior to filing an answer, Defendants elected to utilize the "ADA Disability Access Litigation Application for Stay and Early Mediation" encouraged by this District to reduce the costs of litigation. This matter is

1

stayed until July 12, 2019 and has been at all times at which the case has been at issues. This program immediately stays all litigation and requires the Plaintiff to submit a briefing detailing the barriers listed in the complaint and publicly file a demand for settlement. Plaintiff filed his statement on May 17, 2019. In response, the Defendant is to file a statement regarding their position on removal of barriers 10 days prior to mediation. On May 28, 2019, Defendants filed a hand written statement containing an excerpt of a purported CASp report claiming all barriers have been remediated.

In the Defendant's statement, they claim all matters alleged by the Plaintiff have been remediated and submitted low resolution photos of the transaction surface without what appear to be hand drawn measurements of the transaction counter area. (These are mostly illegible due to the photocopy that was attached.) Plaintiff is unable to confirm or deny whether the property is presently in compliance. Pursuant to the stay entered by this court, discovery is barred from being conducted until July 12, 2019. Additionally, the report did not make any reference to the Plaintiff's intent to remedy all barriers at the property detailed in the Complaint and Early Stay case statement.

Unless and until Plaintiff is able to conduct his own inspection of the property and ascertain the state of remediation of the transaction counter at the property.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.     The Standard for Mootness has not Been Met by Defendant's Filing**

The violation in Plaintiff's complaint pertains not just to the design of the countertop in question, but the policy of keeping it accessible. A staged photo demonstrating a countertop is free of obstructions is not evidence of a policy of maintaining that countertop in compliance. The test for mootness, as has been explained by the Supreme Court, "...is a stringent one.  Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free to return to his old ways." United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203-04 (1968) (citation and internal punctuation omitted).  Moreover, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982).  A claimed remedy "might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 170 (2000).  The party asserting mootness, however, has "the heavy burden of persuading the Court that the challenged conduct cannot be reasonably expected to recur." Id.  Moreover, when the likelihood of a repeat occurrence is at question, "courts should resolve doubts about such questions in favor of disabled individuals." Dudley v. Hannaford Bros. Co., 333 F.3d 299, 307 (1st Cir.  2003).

The violation in question here isn't an unsloped step or repaving a parking lot, the types of corrections that are "permanent." The violation can occur simply by using the limited counter space for merchandise. The Defendant has not even addressed this issue, let alone met the standard for mootness. The measurements drawn on the photos do not even depict all the relevant dimensions necessary to ascertain compliance if even they are taken as correct. As a result, the court should deny any claim to dismiss on the basis of mootness.

## C. The "Order to Show Cause" and the Defendant's Statement Omit Whitaker's *Doran/Chapman* Claims

In his complaint, and again in his Case Statement pursuant to the Early Stay Program, Plaintiff notified the court and the Defendant that he intended to conduct a full inspection of the property pursuant to the *Doran* and *Chapman* decisions and to have all barriers at the site that pertain to his disability removed. (Complaint ¶ 19); See *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

Defendant attaches as an exhibit a purported CASp report generated by Jung Park, an individual not yet disclosed to Plaintiff and upon which no discovery has been conducted. The CASp program certifies licensed individuals to inspect a property to identify states of compliance. Upon doing

so, an inspector will issue a statement if the property has been "CASp inspected." This certification explicitly, as noted on page 7 of the Defendant's filing, "does not imply that the facility meets design and construction requirements for accessibility for individuals with disabilities." It simply notes that it has been analyzed, and if done prior to a person encountering barriers at the property, may entitle a business to reduced damages. The certificate here is dated April 24, 2019, which is after the filing of the complaint, thus it does not serve this purpose.

The documentation submitted with the Defendants statement appears incomplete, it appears to be an excerpt of a report purporting to show that the property has been inspected and does not allow Plaintiff to confirm if the full property has been inspected for compliance or remediated in full. A typical CASp report contains a dozen pages or more of documentation, detailed measurements and photographs of all aspects of a facility.

Plaintiff will need to conduct his own expert investigation to determine the correction status at the facility once allowed by the Court.

**D. Conclusion**

The Court should refrain from dismissal of this action until the stay is lifted and the Plaintiff is able to independently verify the state of remediation. Should the parties resolve this matter at mediation, these costs will not need to be incurred.

1   Dated: May 28, 2019                CENTER FOR DISABILITY ACCESS

2

3                                      By: */s/ Dennis Price*_____
4                                      Dennis Price, Esq.
                                       Attorney for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6